UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SMOTHERED COVERED, L.L.C.                     CIVIL ACTION

VERSUS                                         NO. 22-5132

WH CAPITAL, L.L.C., *et al.*                   SECTION M (5)

**ORDER & REASONS**

Before the Court is an omnibus motion *in limine* filed by defendants WH Capital, LLC and Waffle House, Inc. (together, "Defendants"),[1] to which plaintiff Smothered Covered, L.L.C. ("Smothered") responds in opposition.[2] Considering the parties' memoranda, the record, and the applicable law, the Court rules as follows:

IT IS ORDERED that Defendants' motion *in limine* (1) asking the Court to take "judicial notice that the common and plain understanding of the term 'equipment' does not always include and refer to the term 'fixture' or 'component part,'"[3] and (2) to exclude any argument, contention, or motion that the generally prevailing meaning of the term "equipment" only ever concerns or refers to equipment that is not attached or not affixed in any manner to any building, other construction, or any part thereof is DENIED. As presented, the matters sought to be noticed are not proper adjudicative facts, but rather parts of an overarching legal issue that the Court reserves to itself to determine after trial.

IT IS ORDERED that Defendants' motion to exclude any conclusory, defamatory, and/or speculative testimony or evidence regarding Defendants' alleged criminal, fraudulent, unlawful,

---

[1] R. Doc. 156.
[2] R. Doc. 164.
[3] R. Doc. 156-1 at 3.

or similar misconduct is DENIED WITHOUT PREJUDICE as premature. The Court will rule on contemporaneous objections to any such testimony as they arise at trial. Counsel is cautioned that the use of such terms, without a factual foundation, is discouraged.

IT IS ORDERED that Defendants' motion to exclude evidence concerning the first, second, and third trimester goals for Fiscal Year 2022 established for Jeffrey Wright is DENIED. The Court will receive the evidence and weigh its relevance and probative value at the conclusion of the trial.

IT IS ORDERED that Defendants' motion to exclude evidence concerning communications or negotiations that pre-date the August 10, 2022 effective date of the Real Estate Sales Agreement for the Elysian Fields property is DENIED. The Court will receive the evidence and weigh its relevance and probative value at the conclusion of the trial.

IT IS ORDERED that Defendants' motion to exclude evidence concerning Robbie Liner and the sale of the former Waffle House property in Gray, Louisiana, is GRANTED as unopposed.

IT IS ORDERED that Defendants' motion to exclude testimony of Ben Jacobson concerning the damages spreadsheet that he prepared and was first produced on October 9, 2024, is DENIED.

New Orleans, Louisiana, this 2nd day of December, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE